UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EVEROL PALMER, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CV420-075 CR417-066 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Everol Palmer pleaded guilty to a single count of possession of a firearm by a felon, as an armed career criminal. *See* doc. 37 (Judgment).[1] He was sentenced to 180 months of imprisonment and a five-year term of supervised release. *See id.* at 2-3. He filed the instant motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, asserting that his indictment "failed to allege an offense against the United States," and that, as a result of the defective indictment, he is actually innocent. *See* doc. 70 at 4-6. He also alleges that he received ineffective assistance of counsel. *See id.* at 6-8. The Government has moved to dismiss Palmer's Motion. *See* doc. 79. Palmer did not respond to the Government's Motion. *See*

---

[1] The Court cites to the criminal docket in case CR417-066 unless otherwise noted.

1

*generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond [to a motion] within the applicable [fourteen-day] time period shall indicate that there is no opposition to a motion."). The Court directed him to respond and show cause why his Motion should not be dismissed for failure to prosecute his case. *See* docs. 81 & 83. When the show-cause order was returned by the United States Post Office as undeliverable, the Court gave him a final opportunity to respond. Doc. 85. The deadline for that response has also passed without any response from Palmer. *See generally* docket.

Palmer's failure to obey the Court's orders and to prosecute this case provides a basis to dismiss his § 2255 Motion. This Court has the authority and responsibility to manage its docket. Pursuant to that authority, a district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[2] *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205

---

[2] Pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings, the Federal Rules of Civil Procedure may apply, to the extent that they are not inconsistent with the Section 2255 Rules.

F. App'x 802, 802 (11th Cir. 2006). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). A § 2255 movant's failure to prosecute warrants dismissal under Rule 41. *See Hawthorne v. United States*, 2022 WL 3099271, at \*2 (11th Cir. Aug. 4, 2022) ("The district court did not abuse its discretion by dismissing without prejudice Hawthorne's § 2255 motion under Rule 41(b) for failure to prosecute and to comply with the court's order." (citation omitted)). Failure to "respond to the numerous grounds asserted by the Respondent, United States of America, for dismissal of the Petition," has been recognized as a failure to prosecute. *See Barnes v. United States*, 2020 WL 6532847, at \*1 (W.D. Tenn. Nov. 5, 2020); *see also Brown v. United States*, 2022 WL 4073343 (S.D. Ga. Sept. 2, 2022).

Palmer's § 2255 Motion should, therefore, be **DISMISSED**. Doc. 70. The Government's Motion to Dismiss should be **DISMISSED** as moot. Doc. 79. Civil action CV420-075 should be **DISMISSED** in its entirety. Applying the Certificate of Appealability (COA) standards set

3

forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

4

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 22nd day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA